JAMES J. SULLIVAN *vs.* THE REPUBLICAN PUBLISHING COMPANY & another.[1]

Hampden.    September 27, 1961. — November 9, 1961.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.

*Libel and Slander.    Pleading, Civil,* Demurrer.

A demurrer to the declaration in an action for libel should not be sustained unless the published words are not reasonably capable of any defamatory meaning.    [153]

The point that a newspaper article was privileged as fair comment on a question of public interest was a matter of defence not open to the defendant on demurrer to the declaration in an action for libel based on such article.    [153]

In an action for libel by the street superintendent in a city against the publisher of a newspaper, statements alleged to have been made by the defendant in published articles, that the plaintiff had registered his automobile in the name of a firm organized by him and that no business certificate "required by law" for such firm had been filed by him in the city clerk's office, and that his wife had been driven to work in an automobile owned by the city, together with alleged references to his firm as "fictitious," a likely investigation of the legality of the registration of the automobile, and penalties for violation of the business certificate law, could be viewed as suggesting criminal, or at least unlawful, action by a public officer and could not be said as matter of law not to be susceptible of a defamatory construction.    [152–153]

TORT.    Writ in the Superior Court dated June 7, 1960.
The action was heard by *R. Sullivan,* J., on demurrers.
*John J. Teahan,* for the plaintiff.
*James R. Crowe,* for the defendants.

---

[1] Springfield Union Publishing Company.

CUTTER, J.   The declaration in this action of tort for libel made the following allegations.   In June, 1959, the plaintiff was street superintendent in Springfield.   Each defendant published a newspaper in Springfield.   During the period June 10 to 12, each defendant published articles which contained, or referred to, allegations (1) that the plaintiff had registered his automobile in the name of a firm organized by the plaintiff and known as Public Service Enterprises and that no business certificate "required by law" for this firm had been filed by the plaintiff in the city clerk's office (see G. L. c. 110, § 5, as amended through St. 1959, § 63); and (2) that the plaintiff's wife had been driven to work in an automobile owned by the city.   Each count referred to one particular newspaper edition and alleged that the defendant therein published a specified article, referring to at least one of the foregoing allegations, "maliciously intending to defame the plaintiff" and thereby "to imply . . . that the plaintiff in respect of his official person . . . was not an honest . . . man."   One or more of the articles referred to the firm as a "fictitious company," or mentioned that the registry of motor vehicles would investigate the legality of the registration, or said that violators of the business name registration law "may be punished by fines . . . for as long as violations continue."   One article stated that the plaintiff and the mayor had been involved in "hassles" and that the former had "taken a stand against" the mayor "in the political campaign now getting underway."

By orders entered several months prior to our recent decision in *Boston Nutrition Soc. Inc.* v. *Stare,* 342 Mass. 439, the trial judge sustained a demurrer by each defendant, asserting (1) that the declaration "does not state a legal cause of action" and (2) that the alleged statements were not "libelous of the plaintiff."   The plaintiff appealed.

Certain of the articles purported to state the plaintiff's explanation of the various phases of the situation at some length and their content suggested that they might constitute fair comment by a newspaper upon the conduct of a public officer in a matter of public interest.   See Restate-

ment: Torts, §§ 606, 607; Harper and James, Torts, § 5.28; Prosser, Torts (2d ed.) § 95; Note, 62 Harv. L. Rev. 1207. In the *Boston Nutrition Soc.* case, however, it was stated (at p. 442) that a "demurrer to a declaration in libel cannot be sustained unless the words are not reasonably capable of any defamatory meaning," and (at p. 443) that "the qualified privilege of fair comment upon a matter of public interest is a matter of defence, ordinarily not open on demurrer." That decision controls this case. We cannot say that, as a matter of law, the statements objected to (although not expressed in extreme or unrestrained terms) were not susceptible of a defamatory construction. They could be viewed as suggesting criminal, or at least unlawful, action by a public officer. That the evidence at a trial on the merits may establish that the statements were fair and reasonable comment does not help the defendants upon demurrer.

*Orders sustaining demurrers reversed.*